IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00292-GPG

JOSE MANUEL TORRES-RAMIREZ,

    Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

    Respondents.

## ORDER

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus (D. 1). The Court GRANTS IN PART the petition for the following reasons. Because the briefing demonstrates that Petitioner Jose Manuel Torres-Ramirez's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

### I. FACTS

This civil action arises from Petitioner's detainment at Immigration and Customs Enforcement's (ICE) Denver Contract Detention Facility in Aurora, Colorado pending a

1

determination in his removal proceedings.[1]  This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025). Petitioner seeks release or, in the alternative, a custody hearing (D. 1).

Petitioner has resided continuously in the United States for nearly seven years (*id.* at ¶ 41). He is married to a lawful permanent resident and plays an active parental role in the life of his U.S. citizen stepchild, who lives with autism and depends on Petitioner to complete activities of daily living (*id.*).  Petitioner's wife is pregnant, and he is the primary breadwinner for the household (*id.*).  Petitioner has no criminal history (*id.*).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  ANALYSIS

This Petition raised legal issues that the Court resolved in favor of petitioners on many prior occasions (*see* D. 1 at ¶ 29) (citing some of the Court's prior decisions).  In recognition of this, Respondents filed a Response noting their disagreement with the Court's past rulings (D. 13). The Court remains firmly convinced that the Court and the other Judges in the District who have

---

[1] The Court draws the operative facts as set forth in Petitioner's Verified Petition for Write of Habeas Corpus (D. 1).

addressed the issues raised here have correctly decided those and incorporates their analysis from these prior cases. *Garcia Cortes*, 2025 WL 2652880, *1–*4; *Batz Barreno*, 2025 WL 3190936, *1–*3; *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720-RMR, 2025 WL 2962908, at *4–*9 (D. Colo. Oct. 17, 2025). Accordingly, the Court finds that Petitioner is entitled to a custody hearing that has not been provided in violation of due process.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a custody hearing at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest. Respondents shall provide Petitioner with a custody hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's custody hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitoner's detention at the time he was detained.

The Court further converts its previously issued Temporary Restraining Order (D. 9) into a preliminary injunction: Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

DATED February 12, 2026.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge